**In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor.**

**Bankruptcy No. 88–00043.**

United States Bankruptcy Court, D. New Hampshire.

Dec. 19, 1988.

Mark Vaughn, Devine Millimet, Stahl & Branch, Manchester, N.H., for movant.

Richard Levin, Stutman, Treister & Glatt, Los Angeles, Cal., for debtor.

## ORDER ON REQUESTED *IN CAMERA* STATUS CONFERENCE

JAMES E. YACOS, Bankruptcy Judge.

The State of New Hampshire as a party-in-interest in the above-captioned chapter 11 reorganization proceeding has this date filed with the court a "Motion For An Immediate *In Camera* Status Conference" and has submitted for possible ex parte entry an order setting the requested status conference this week, and an ex parte order limiting notice of the status conference to the debtor and the other major parties-in-interest involved in this proceeding.

As grounds for the requested status conference the State of New Hampshire in its motion states forth the following:

1. This Court has set December 27, 1988 as the last day of the Debtor's exclusive period in which to file a Plan of Reorganization pursuant to Section 1121 of the Bankruptcy Code.

2. On December 17, 1988, the State of New Hampshire hosted a settlement conference in Manchester, New Hampshire attended by over 40 persons representing the State of New Hampshire, the Debtor, the Unsecured Creditors' Committee, Third Mortgage Bond Holders and the Equity Committee.

3. The parties were unable to reach an agreement on a consensual Plan of Reorganization at the meeting held on December 17, 1988.

4. The Debtor has publicly stated its intent to file a Plan of Reorganization on December 27, 1988, which Plan will propose a restructuring of the Debtor in order to provide primary regulation by the Federal Energy Regulatory Commission rather than the State of New Hampshire.

5. The State of New Hampshire believes that there is a unique opportunity now to reach agreement on a consensual Plan of Reorganization.

6. The State of New Hampshire believes that a filing of a FERC Plan by the Debtor will inhibit the ability of the parties to reach a consensual Plan of Reorganization.

7. This Court has consistently reminded the parties that settlements do occur on the court house steps and the State of New Hampshire believes that the Court can now assist in Plan negotiations.

8. The State of New Hampshire believes that an *in camera* conference with the Court restricted to the parties involved in Plan negotiations i.e. State of New Hampshire, Creditors' Committee, Equity Committee, Debtor and Third Mortgage Bond Holders might be advantageous to the formulation of a consensual Plan of Reorganization.

The court is loathe to hold any hearings in a case of this public nature, whether status conferences or otherwise, by use of *in camera* procedures unless the need therefor is established specifically on the record before such a hearing is ordered. The time frame here involved is simply too short for such a record justification of *in camera* procedures.

More importantly, while some of the parties involved have indicated no opposition to the requested status conference, there is no indication that the debtor itself does not object.* ˙ This court has previously indicated that the debtor should have the full benefit of the "exclusivity period" in plan formulation intended by the statutory provision in § 1121 of the Bankruptcy Code and this court's orders entered thereunder. See *In re PSNH*, 88 B.R. 521, 524 (Bankr. N.H.1988). The court has also indicated that its role is appropriately limited in plan formulation issues prior to the formal hearings required once one or more plans are filed under the provisions of chapter 11 of the Bankruptcy Code. See *In re PSNH*, 88 B.R. 521, 539, 545 (Bankr.N.H.1988).

To grant the present motion would necessarily, in my judgment, improperly intrude the court into the plan formulation process prior to the expiration of the debtor's exclusivity period intended by Congress. The motion therefore is denied. This denial is of course without prejudice to any status conferences or other hearings that may be appropriate in this highly unique chapter 11 reorganization, involving a regulated monopoly electric utility company, in the event that a consensual plan cannot be achieved within the debtor's exclusivity period. To the extent that unprecedented issues are presented in a plan submitted by the debtor, or any other party in interest in this case, the court has indicated upon numerous occasions that unique procedures may have to be devised that are necessary or appropriate to carry out the provisions of Title 11 of the U.S.Code as applied to such a debtor. See, e.g. *In re PSNH*, 88 B.R. 521, 540–542 (Bankr.N.H.1988); *In re*

*PSNH*, 88 B.R. 546, 555–556 (Bankr.N.H. 1988).

The court by today's action does not in any way want to dissuade the parties from continuing˙ a maximum effort to reach a consensual plan if at all possible. Indeed, it is in part to avoid deflecting them from that task that I decline to enter into the process at this stage of the case. It surely should be evident to anyone who has attended the hearings to date that notwithstanding the natural proclivity of an advocate or litigant to see their preferred option as the "only" one that is "feasible" and "supported" by "law" there is a great deal of legal quicksand underlying *all* such absolutist positions in this case. A wise compromise by knowledgeable professionals is much to be preferred, if achievable, in view of the substantial administrative costs and loss of other economic values that will be incurred by any further delay in concluding these proceedings.

DONE and ORDERED.

---

* As This Order is being entered the attorney for the debtor has advised the Clerk that the debtor does "strongly object" to the motion.